UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AIMAN ABDULBAKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| REGENT CARE CENTER OF SAN | § | SA-11-CV-00211 OLG (NN) |
| ANTONIO II, LIMITED PARTNERSHIP | § | |
| d/b/a REGENT CARE CENTER OF | § | |
| OAKWELL FARMS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The matter before the court is Defendant's motion to strike Plaintiff's summary judgment evidence (docket entry 35).  Defendant filed its motion for summary judgment (docket entry 18) on January 13, 2012, and its motion to amend the motion for summary judgment (docket entry 21) on January 18, 2012.  The motion to supplement (docket entry 21) was granted on February 16, 2012.  Plaintiff filed its response to the motion for summary judgment on February 3, 2012 (docket entry 32).  Defendant asserts that Plaintiff's response to the motion for summary judgment was untimely and requests that it be given no consideration.  In the alternative, Defendant moves to strike Plaintiff's affidavit on the basis that it contains conclusory, improper and contradictory statements included for the sole purpose of manufacturing issues of fact to defeat summary judgment.  In opposition, Plaintiff's counsel contends that he was confused and believed the response to be "due after the amended portion of the motion was incorporated." Docket Entry 40, at 2.  Plaintiff further asserts that Defendant's objections to his affidavit are

without merit.

Local Rule 7(d) and Federal Rule of Civil Procedure 6, taken together, require a response in opposition to a motion to be filed within fourteen days of service of the motion. Defendant argues, "if Defendant's entire Motion as supplemented is deemed filed as of January 18, 2012," Plaintiff's response was due on February 1, 2012." Docket Entry 35, at 2.

Although Plaintiff has had several other challenges complying with the Rules regarding attaching proposed orders, certificates of service and conference in this matter, striking Plaintiff's response for a two-day delay is a harsh consequence. Defendant's motion to strike (docket entry 35) is **DENIED**. Defendant's objections to Plaintiff's affidavit are overruled. Any inconsistencies between Plaintiff's affidavit and the other evidence in the record will be addressed in the Report and Recommendation on the motion for summary judgment.

**SIGNED** on March 29, 2012.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE